| | |
|---|---|
| PHILLIP WAYNE BROYAL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIC A. HOOKS, Secretary of )<br>N.C. Department of Public Safety, )<br>RONNIE HONEYCUTT, )<br>Superintendent AMCI Corr. Inst., )<br>)<br>Respondents. )<br>)<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petitioner Phillip Wayne Broyal's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and the Petitioner's Application to Proceed *in Forma Pauperis* [Doc. 2] filed on December 23, 2020.

**I.     BACKGROUND**

Phillip Wayne Broyal (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted on January 26, 2015 in the Chatham County Superior Court of indecent liberties with a child and statutory rape/ sexual offense. [Doc. 1 at 1]. The trial court sentenced the Petitioner as a habitual felon to life imprisonment as well as to consecutive sentences of

1

159 to 251 months and 138 to 236 months. [Id.].

The Petitioner filed a notice of appeal and the appellate court affirmed his conviction on September 6, 2016. See North Carolina v. Broyal, 2016 WL 4608201 (N.C. Ct. App. September 6, 2016). The North Carolina Supreme Court denied the Petitioner's petition for discretionary review on December 12, 2016. See State v. Broyal, 369 N.C. 197, 793 S.E.2d 698 (N.C. 2016).

The Petitioner filed a § 2254 habeas petition in the U.S. District Court, Middle District of North Carolina, on grounds that the trial court erred by introducing testimony that he was a registered sex offender. See Middle District of North Carolina, Case No. 1:17-cv-834; Broyal v. Hooks, 2018 WL 3128997 (M.D.N.C. June 26, 2018). The Court denied the petition on June 26, 2018. [Id.].

The Petitioner filed the instant § 2254 petition in this Court on December 23, 2020. [Doc. 1]. The Petitioner raises the following five grounds for relief: (1) investigator was incompetent to testify to grand jury; (2) trial court lacked jurisdiction; (3) various North Carolina laws are facially unconstitutional; (4) convictions violated due process; (5) ineffective assistance of counsel. [Doc. 1 at 6-12]. The Petitioner also seeks to proceed *in forma pauperis*. [Doc. 2].

## II. DISCUSSION

### A. Application to Proceed *in Forma Pauperis*

Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Doc. 2]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis*.

### B. Initial Review of § 2254 Petition

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be subject to dismissal as an unauthorized successive petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file

another habeas petition challenging the same state criminal judgment unless the prisoner has obtained permission to do so from the appropriate federal court of appeals.  See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)(failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

The Petitioner previously filed a § 2254 petition in the Middle District of North Carolina, which was denied on the merits on June 26, 2018.  See Middle District of North Carolina, Case No. 1:17-cv-834; Broyal v. Hooks, 2018 WL 3128997 (M.D.N.C. June 26, 2018).  The Middle District granted the Respondent's Motion for Summary Judgment on grounds that the Petitioner's claims were procedurally defaulted and denied his § 2254 petition.  [Id.].  A dismissal of a § 2254 petition on grounds of procedural default constitutes a dismissal on the merits for purposes of successive review.  See Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002)("a dismissal for procedural default is a dismissal on the merits"), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011).

4

The Petitioner has not demonstrated that he obtained authorization from the appellate court to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.

The Court also notes that the instant § 2254 petition also appears to be time-barred under 28 U.S.C. § 2244(d)(1). The Petitioner acknowledges the untimeliness of his petition and argues that it should be excused because "an invalid indictment is a jurisdictional defect" which can be asserted at any time. [Doc. 1 at 15]. However, such argument provides no relief to excuse the Petitioner's untimely filing. See Jones-Bey v. Alabama, 2014 WL 1233826, *2 (N.D. Ala. March 25, 2014)("[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction"). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Whether a state court has subject matter jurisdiction over a state criminal matter is determined by state law and does not fall within the scope of the Constitution, laws, or treaties of the United States. Wright v. Angelone, 151 F.3d 151, 157-158 (4th Cir. 1998).

5

Case 1:20-cv-00390-MR   Document 4   Filed 10/27/21   Page 5 of 6

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized successive petition under 28 U.S.C. § 2244(b).

2. The Petitioner's Application to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge